E-FILED
Thursday, 25 January, 2007  03:07:45 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 06-CR-20005** |
| | ) | |
| JULIANNA H. BAUTER, | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION

On January 20, 2006, Defendant, Julianna H. Bauter, was charged in a 30-page indictment (#1) with conspiracy and making a false statement.  Bauter was charged along with co-defendants William A. Morgan, John E. Pugh, Douglas Bennett, Ronald I. Martin, and Hydromet Environmental (USA) Inc.  Bauter has pleaded not guilty and is scheduled for trial on February 12, 2007.  Defendants Pugh, Bennett and Martin have entered guilty pleas and are scheduled to be sentenced on March 9, 2007.   They are expected to testify at Bauter's trial.

### PENDING MOTION

On February 28, 2006, Defendant filed a Motion for Pretrial Determination of the Admissibility of Co-Conspirator's Statements Pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence and Memorandum in Support (#32).  Defendant Bauter argued that, if the Government intends to introduce evidence of any statements of any alleged co-conspirators, then she is entitled to a preliminary factual determination of the statement's admissibility against her.  She contended that she is entitled to a pretrial hearing where the Government must establish the existence of a conspiracy, that the statement were made during the course of and in furtherance of the alleged conspiracy, and that she was a member of the alleged conspiracy.

On January 18, 2007, the Government filed a lengthy and detailed response to Bauter's Motion (#57). The Government set out a detailed summary of its evidence showing that a conspiracy existed, specifically that Bauter and others conspired to unlawfully store, transport and dispose of tons of various hazardous wastes, including hazardous wastes containing cyanide, and to make materially false, fictitious and fraudulent statements in a matter within the jurisdiction of the United States Environmental Protection Agency. The evidence set out by the Government included statements and admissions made by Bauter. The Government also set out the expected testimony of co-defendants Bennett, Martin and Pugh. The Government stated that it had no objection to Bauter's request for a pre-trial hearing to determine the admissibility of co-conspirator statements. The hearing on Bauter's Motion is scheduled for January 26, 2007, at 2:00 p.m., the same date as the final pretrial conference.

The Government stated that, at the hearing, it would establish that the members of the conspiracy included all of the named defendants and Nathan Apple, a friend and business associate of Defendant Morgan. The Government then listed types of statements it would establish were made by members of the conspiracy in furtherance of the conspiracy. The Government argued that this evidence is admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence.

Under Rule 801(d)(2)(E), the statements of a coconspirator are not hearsay and are admissible if the court determines by a preponderance of the evidence that: (1) a conspiracy existed; (2) the defendant and the declarant were involved in the conspiracy; and (3) the statements were made during and in furtherance of the conspiracy. United States v. Haynie, 179 F.3d 1048, 1050 (7th Cir. 1999). "A coconspirator's statement satisfies the 'in furtherance' element of Rule 801(d)(2)(E) when the statement is part of the information flow between conspirators intended to

help each perform his role." United States v. Godinez, 110 F.3d 448, 454 (7th Cir. 1997), quoting Garlington v. O'Leary, 879 F.2d 277, 283 (7th Cir. 1989).  It is irrelevant whether the statement was made during the time frame charged in the indictment.  Godinez, 110 F.3d at 454.  Rule 801(d)(2)(E) evidence is admissible even against conspirators who join the conspiracy after the statements were made, so long as the conspiracy itself existed at the time.  United States v. Sophie, 900 F.2d 1064, 1074 (7th Cir. 1990).

Because co-conspirator statements assume that the defendant is a conspirator, they present a unique problem - how to admit them before the Government has actually proved their admissibility.  As a result, the Seventh Circuit has long sanctioned the so-called Santiago proffer.  See Haynie, 179 F.3d at 1050; United States v. Santiago, 582 F.2d 1128, 1131 (7th Cir. 1978).  This procedure allows the district court to conditionally admit coconspirator statements based on the Government's pre-trial proffer.  See Haynie, 179 F.3d at 1050; Santiago, 582 F.2d at 1131.  The Government can satisfy the requirements of the proffer through a written submission.  United States v. Vargas, 16 F.3d 155, 158-59 (7th Cir. 1994); see also Haynie, 179 F.3d at 1050.  In making a preliminary factual determination under Rule 801(d)(2)(E), the court "may examine the hearsay statements sought to be admitted."  Bourjaily v. United States, 483 U.S. 171, 181 (1987).

This court concludes that the Government's detailed Response (#57) sets out evidence showing that a conspiracy existed, that Bauter and the other alleged members were involved in the conspiracy, and that the statements were made during and in furtherance of the conspiracy. Therefore, at the hearing, pursuant to Santiago, this court can conditionally admit the coconspirators' statements based upon the Government's proffer.  See Haynie, 179 F.3d at 1050.  If, at the close of the Government's case, the Government has not met its burden to show that the statements are

3

admissible, Bauter can move for a mistrial or to have the statements stricken.  <u>See</u> <u>Haynie</u>, 179 F.3d at 1050.

IT IS THEREFORE ORDERED THAT:

(1) The hearing on Defendant's Motion for Pre-trial Determination of Co-Conspirator Statements (#32) remains scheduled to be heard at the final pretrial conference on January 26, 2007, at 2:00 p.m.

(2) This court concludes that the Government's written proffer of evidence is sufficient to conditionally admit co-conspirator statements under Rule 801(d)(2)(E) of the Federal Rules of Evidence.

ENTERED this 25th day of January, 2007

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE